IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 1 4 2010

GREGORY C. LANGHAM
CLERK

Civil Action No. '10-CV-00831

JERRY MASKE,

    Plaintiff,

v.

CITY OF AURORA,

    Defendant.

---

## ORDER DIRECTING CLERK TO COMMENCE CIVIL ACTION AND DISMISSING THE ACTION

---

    Plaintiff Jerry Maske currently resides in Aurora, Colorado. On March 22, 2010, Mr. Maske, acting *pro se*, submitted to the Court a Complaint pursuant to 42 U.S.C. § 1983. The Clerk of the Court will be directed to commence a civil action. For the reasons discussed below, the Court will dismiss the action.

    The Court has permanently enjoined Mr. Maske from filing any *pro se* civil actions without first obtaining leave of the Court to proceed *pro se*. *See Maske v. IBM*, No. 09-cv-01805-ZLW, Doc. No. 5 (D. Colo. Nov. 5, 2009). In order to obtain permission to proceed *pro se*, Mr. Maske must submit with any civil action he seeks to file (1) a petition requesting leave to file a *pro se* action; (2) a list of all lawsuits currently pending or filed with this Court; (3) a list of all outstanding injunctions or orders limiting Mr. Maske's access to this court; and (4) a notarized affidavit that includes

certain information. *See Maske v. Aurora Animal Care, et al.*, No. 09-cv-02751-ZLW, Doc. No. 2 (D. Colo. Nov. 24, 2009). The affidavit must include (1) a statement of the issues Mr. Maske seeks to present, including a short discussion of the legal issues; (2) a certification that the legal arguments are not frivolous or repetitive of legal arguments previously presented to the Court and that they are warranted by existing law or a good-faith argument for extension, modification, or reversal of existing law; and (3) a statement by Mr. Maske that he will comply with all federal and local rules of this Court. *Id.*

The Petition and the Complaint Mr. Maske has submitted to the Court fail to comply with all of the filing requirements set forth in Case Nos. 09-cv-01805-ZLW and 09-cv-02751-ZLW. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Rule 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) requires that a complaint "must contain: . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."

Nonetheless, even when Mr. Maske is given the opportunity to amend and correct a Fed. R. Civ. P. 8 deficiency, as he was given in *Maske v. Wilks*, No. 09-cv-00585-ZLW (D. Colo. May 15, 2009); *Maske v. The Peters Law Firm*, No.

2

09-cv-00584-ZLW (D. Colo. May 15, 2009); *Maske v. Mathys*, No. 09-cv-00583-ZLW (D. Colo. May 15, 2009); *Maske v. City and County of Denver*, No. 09-cv-00582-ZLW (D. Colo. May 15, 2009); *Maske v. Arapahoe County Office of the Clerk and Recorder*, No. 09-cv-00580-ZLW (D. Colo. May 15, 2009); *Maske v. Arapahoe County*, No. 09-cv-00579-ZLW (D. Colo. May 15, 2009), he still is unable to set forth any claims that are within the guidelines of Rule 8.

Mr. Maske has been instructed on more than one occasion that he must assert personal participation by the named defendants in the action. Mr. Maske again in the instant action fails to assert how the City of Aurora personally participated in the claims that he raises on Page Three of the Complaint form. Therefore, Mr. Maske fails to demonstrate that he has complied with the pleading requirements under Fed. R. Civ. P. 8(a).

Although the Court warned Mr. Maske, *see Maske v. Estrada, et al.*, No. 10-cv-00619-ZLW (D. Colo. Mar. 17, 2010), *Maske v. Chappell, et al.*, No. 10-cv-00618-ZLW (D. Colo. Mar. 17, 2010), *Maske v. Estrada, et al.*, No. 10-cv-00617-ZLW (D. Colo. Mar. 17, 2010), and *Maske v. Murphy, et al.*, No. 10-cv-00616-ZLW (D. Colo. Mar. 17, 2010), that it would impose monetary sanctions if he continued to file pleadings that do not comply with his sanctions, the Court will assume that Mr. Maske did not receive the Court's orders in each of the above-referenced cases prior to submitting the instant action. The Court again **warns Mr. Maske that it will impose monetary sanctions against him if he continues to file *pro se* actions that are not in compliance with the sanctions set forth above**. Accordingly, it is

ORDERED that the Clerk of the Court commence this civil action. It is

FURTHER ORDERED that the Complaint and the action are dismissed without

prejudice for the reasons stated above.

DATED at Denver, Colorado, this 12 day of April, 2010.

BY THE COURT:

*(signature)*
CHRISTINE M. ARGUELLO
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-CV-00831

Jerry Maske
2705 Danube Way, Unit 101
Aurora, CO 80013

  I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 4/14/10

            GREGORY C. LANGHAM, CLERK

            By: _____
               Deputy Clerk